The Martin Home for Old Folks, a Corporation, Plaintiff-Appellee, v. Unknown Owners, Paul W. Dillon et al., Defendants-Appellees, City of Sterling, Board of Directors of Community General Hospital of City of Sterling, Illinois, Defendants-Appellants.

Gen. No. 10,781.

Second District.

January 27, 1955.

Released for publication February 16, 1955.

145

Besse & Besse, and L. E. Ellison, all of Sterling, for appellants; Kennard J. Besse, of Sterling, of counsel.

Sheldon, Brown & Haglund, of Sterling, for plaintiff-appellee; Alexander L. Haglund, of Sterling, of counsel; Latham Castle, Attorney General of State of Illinois, of Springfield, for defendant-appellee; John L. Davidson, Jr., First Assistant Attorney General, and George W. McGurn, Assistant Attorney General, both of Chicago, and Mark O. Roberts, Special Assistant Attorney General, of Springfield, of counsel; Edward L. Eagle, Jr., of Rock Island, amicus curiae.

MR. JUSTICE DOVE delivered the opinion of the court.

Nellie Havens Martin was the wife of John W. Martin, and David L. Martin was the brother of John W. Martin. On May 25, 1922, Nellie Havens Martin, John W. Martin and David L. Martin entered into a written agreement which recited that the several parties had mutually agreed to devote the major part of their respective estates to the establishment and maintenance of a charitable institution to be known as The Martin Home for Old Folks, and that in order to properly establish and maintain the same, it was necessary that practically all the combined estates of the parties should be devoted to that purpose. This agreement then concluded: "Now, therefore, each of said parties in consideration of the others having this date made and executed their wills devising and bequeathing a major part of their respective estates to the purpose

146

hereinbefore specified, agrees that he will devote the major part of his entire estate for the purpose of establishing and maintaining a charitable institution to be known as The Martin Home for Old Folks, according to the terms and provisions of his will this day executed, a copy of which is hereto attached. And the said David L. Martin and John W. Martin and Nellie Havens Martin mutually agree that each will devise, transfer or convey to said The Martin Home for Old Folks all of his right, title and interest in and to the following described tract (here follows a description of a plot of ground in the City of Sterling) to the end that said The Martin Home for Old Folks may be established and maintained on said tract as provided by the terms of the respective wills, copies of which are hereto attached and made a part hereof."

In accordance with this agreement, the parties thereto, on the same day, made their several wills. Clauses three and four of the will of Nellie Havens Martin are as follows:

"Third: I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, and whereever situated, to David L. Martin and John W. Martin, of said city of Sterling, and to the survivor of them (and to their successor in trust), in trust for the following uses and purposes. Said trustees shall pay to my husband, John W. Martin, all of the income arising from or accruing from my estate so long as he shall live. Within twenty-five years from the date of the death of said John W. Martin if he survives me, or within twenty-five years from the date of my death if I survive said John W. Martin, said David L. Martin, trustee, (or his successor in trust) shall convey and transfer all of my estate so left in trust as aforesaid to an institution established either under the provisions of the will of said John W. Martin or under the provisions of the will of said David L. Martin, the principal

147

object of which shall be to provide a home for old folks, or, in the event that such an institution has not been thus established, to an institution to be established under the provisions of this my will, such institution to be known and designated as The Martin Home for Old Folks.

"Until such time as my estate is conveyed to said institution as aforesaid, said trustees shall manage my estate, and, after the death of said John W. Martin, shall add the income to the principal of said trust fund until conveyed and transferred to said home. Said trustees shall have power to sell, convey and transfer any part of my estate, by deed, contract, or other instrument of conveyance.

"Upon the death of said John W. Martin and David L. Martin, or in the event that for any reason both cease to act as such trustees, then, in such case, I nominate and appoint Carl E. Sheldon, of Sterling, Illinois, as successor in trust, with the same powers, duties and responsibilities. I hereby direct that neither David L. Martin, John W. Martin, nor Carl E. Sheldon shall be required to give any bond as such trustee.

"Fourth. In the event that within twenty-five years from the date of the death of said John W. Martin there has not been established, either under the provisions of the will of said John W. Martin or under the provisions of the will of said David L. Martin, an institution, the principal object of which shall be to provide a home for old folks, then, in such case, I hereby nominate and appoint David L. Martin, Carl E. Sheldon, Frank J. Bowman, William H. Stanley, Ezra Mathew, Judson T. Williams, Charles D. Gleason, John M. Dillon, Paul W. Dillon, and Olive Craddock, or the survivors of them who are residents of the State of Illinois, trustees to incorporate under the laws of the State of Illinois a charitable institution to be known as The Martin Home for Old Folks. Said above named persons shall consti-

148

tute the trustees of said home when incorporated and shall secure or provide a suitable building for the purpose of such a home.

"It is my will that said trustees admit to said home and care for, free of charge, any person who shall have attained the age of fifty-five years and who shall have been continuously, for ten or more years prior to the time of applying for admission to said home, a resident of Whiteside County, Illinois, and who, by reason of misfortune, illness, or other causes, is unable to provide for and support himself. In the event that there are more applicants for admission to the home than it can properly and adequately provide for, said trustees shall admit the qualified applicants in the order of their applications. In the event that there is room in the home, said trustees may admit other worthy applicants who are not residents of Whiteside County, Illinois.

"In the event that the number of trustees, after incorporation, is at any time less than seven, the remaining trustees shall select an additional trustee or additional trustees to the end that said The Martin Home for Old Folks shall be managed by a board of trustees seven in number. The trustees shall be residents of the state of Illinois and shall serve as such trustees without compensation.

"Said trustees shall have the management and control of the trust estate conveyed and transferred to said home by the trustee of my estate as hereinbefore provided, and shall have power to sell and convey any part of said trust estate and to invest and reinvest the same, and shall manage said trust estate according to their best judgment and for the best interest of The Martin Home for Old Folks."

The wills of David L. Martin and John W. Martin were in many respects similar to the will of Nellie Havens Martin. Each will provided for the establishment of The Martin Home for Old Folks and expressed

the opinion of the testator that the building itself, equipped, should cost not less than three hundred thousand dollars ($300,000.00), but the trustees were admonished not to use for the construction and equipment of a building a larger amount than the remainder of the estates of John W. Martin, David L. Martin and Nellie Havens Martin will adequately maintain. Each will set forth the same requirements for admission into the home as were set forth in the will of Nellie Havens Martin.

On August 19, 1924, Nellie Havens Martin died and her will so made on May 25, 1922, was, on March 23, 1925, duly admitted to probate and on August 10, 1925, The Martin Home for Old Folks was duly incorporated under the laws of this state as a nonprofit corporation and as stated in its articles of incorporation, the object of such corporation was to provide a home for old folks.

On November 23, 1926, John W. Martin died and his will made on May 25, 1922, was duly admitted to probate on December 20, 1926. David L. Martin died on May 10, 1930, and his will, dated May 25, 1922, was on June 30, 1930, duly admitted to probate. The title to the plot of ground described in their wills and in the agreement of May 25, 1922, was in John W. Martin and David L. Martin. Their estates were both insolvent, and on November 9, 1938, the circuit court of Whiteside county, in a proceeding to which The Martin Home for Old Folks was a party defendant, entered a decree finding that the proposed old folks home was to be built upon this plot of ground and that the purpose of the trust for which said plot of ground was reserved has completely failed and that said home could not be established. This decree directed the trustees and executors of the estates of John W. Martin and David L. Martin to sell said land free of any right, title, or interest therein of The Martin Home for Old Folks and with the proceeds derived therefrom to pay the claims

150

against the estates of John W. Martin and David L. Martin. Pursuant to this decree, the plot of ground was sold and the proceeds disbursed as directed.

The will of Nellie Havens Martin appointed David L. Martin and John W. Martin trustees of her estate and Carl E. Sheldon, successor trustee. Her will provided for the transfer by him of her estate to The Martin Home for Old Folks, and, in pursuance of these provisions of her will, Carl E. Sheldon, trustee, sold her land and the proceeds of the sale, amounting to $181,862.61, were turned over to the trustees of The Martin Home for Old Folks.

On February 1, 1951, The Martin Home for Old Folks, a corporation, filed in the circuit court of Whiteside county the instant complaint. The attorney general of Illinois, City of Sterling, Illinois, the board of directors of Community General Hospital of the City of Sterling and "Unknown Owners" were made parties defendant. Thereafter, the board of directors of the Morrison Community Hospital of Morrison, Illinois, and certain heirs at law of Nellie Havens Martin were permitted to intervene. On July 2, 1952, an amended complaint was filed making the heirs at law of Nellie Havens Martin, John W. Martin, and David L. Martin additional parties defendant. The amended complaint asked the court to determine and decree whether the plaintiff should establish and maintain an old folks home, as provided by the will of Nellie Havens Martin with the net funds available or, in the alternative, be authorized and directed to accept the terms of a written agreement, a copy of which was attached to the amended complaint.

After alleging the execution of the agreement of May 25, 1922, by Nellie Havens Martin, John W. Martin and David L. Martin and the making of their wills and other matters herein referred to, the amended complaint alleged that in the opinion of the board of trus-

151

tees of the plaintiff corporation, the estate of Nellie Havens Martin is totally inadequate to provide a home and the funds for the maintenance and operation thereof, as contemplated by Nellie Havens Martin, John W. Martin and David L. Martin, and that in the opinion of the trustees, the purpose of the agreement of May 25, 1922, has wholly failed. It is further alleged that the board of trustees have considered various possibilities for the use of the trust funds which has come into its hands, and have considered the proposal of the board of directors of Community General Hospital with the other possibilities and has resolved that the intent and purpose of Nellie Havens Martin, deceased, as expressed in her will, will be most nearly accomplished by use of the funds as proposed by the board of directors of Community General Hospital and the plaintiff recommended to the court that it be authorized to accept said proposal and enter into the proposed agreement.

This proposed agreement, so highly recommended by the board of trustees of the plaintiff, is as follows:

"This Agreement, made and entered into this ——— day of ———, A.D. 195—, by and between The Martin Home for Old Folks, a not for profit corporation, party of the first part, and the Board of Directors of Community General Hospital of the City of Sterling, Illinois, a municipal corporation, party of the second part, Witnesseth:

"Whereas, The first party is a not for profit corporation organized under and by virtue of the laws of the State of Illinois, the principal purpose of which corporation was to establish and maintain a charitable institution pursuant to the terms of the Last Will and Testament of Nellie Havens Martin, deceased, and

"Whereas, It now appears that the total assets available from the Nellie Havens Martin Estate will be approximately $180,000.00, which sum is wholly inade-

152

quate to erect or purchase a home for old folks and provide an adequate endowment fund with which to provide free care for old persons as provided for in the Fourth Clause of the said Last Will and Testament of Nellie Havens Martin, deceased, and

"Whereas, There is no home for old folks in Sterling and Rock Falls to which this money could be applied to carry out the purposes of the Charitable Trust, and

"Whereas, The parties of second part are now in the process of erecting a new addition to the Community General Hospital in the City of Sterling, Illinois, where old folks can be taken care of in their illness, and a Board of Directors is established which can administer and handle trust funds, and

"Whereas, The first parties consider that it is for the best interest of the charitable trust established by the Last Will and Testament of said Nellie Havens Martin, deceased, to transfer the trust funds to the parties of the second part pursuant to the terms of this contract,

"It is Therefore Agreed By and between the parties hereto that upon the approval of the Circuit Court of Whiteside County, Illinois, in a certain cause entitled The Martin Home for Old Folks v. Unknown Owners, et al., No. 51—E–10, the first party shall pay to the second party all of the net trust funds on hand which it has received from the trustees and executors of the Nellie Havens Martin Estate; and that said funds shall be divided by the second party into two equal parts as follows: The first part shall be used as part of the construction funds of the proposed addition to the said Community General Hospital, the total cost of which is to be approximately one million dollars, and the other part shall be kept as a permanent endowment by the second party and invested in accordance with the discretion and judgment of said Board of Directors in such a way as to provide adequate security for the principal and at the same time provide maximum income from said funds.

153

"It is Further Agreed That an appropriate memorial placque will be placed in the new hospital dedicating a portion of said hospital in memory of Nellie Havens Martin.

"It is Further Agreed That the income from such funds shall be wholly used to assist persons who shall have attained the age of 55 years and who shall have been continuously for ten years or more prior to the time of applying for admission to said home, residents of Whiteside County, Illinois, and who by reason of misfortune or other causes are unable to provide hospitalization or medical care for themselves. The Board of Directors of the Community General Hospital (the second parties hereto) shall administer the income of said trust funds in accordance with their best judgment so as to provide each year the maximum of assistance to such person or persons as they may determine in accordance with the funds available from income from the trust.

"In Witness Whereof, The Martin Home for Old Folks, by resolution duly approved by its Board of Trustees, and the Board of Directors of Community General Hospital of the City of Sterling, Illinois, by resolution duly passed by said Board of Directors, have caused this agreement to be signed by the respective Presidents and attested by the respective Secretaries, the day and year first above written."

To this amended complaint, the Community General Hospital filed its answer in which it admitted the allegations contained in the complaint and prayed the court to determine and decree that The Martin Home for Old Folks be authorized and directed to accept the terms of the written agreement and that the plaintiff be authorized to execute that agreement. The City of Sterling filed an answer in substantially the same form as the answer of the Community General Hospital and the amended answer of the attorney general recites

154

that if the court should find it impossible to carry out the provisions of the trust of Nellie Havens Martin, that then the corpus of the trust should be applied cy pres and avers that the heirs of Nellie Havens Martin be decreed to have no right, title, or interest in the corpus of the trust as created by Nellie Havens Martin.

The administrator de bonis non of the estate of John W. Martin filed an answer in which he denied that the intended purpose of the Nellie Havens Martin will would be most nearly accomplished by the use of the funds as proposed by the board of directors of the Community General Hospital. He also filed a cross-complaint in which it is alleged that the will of Nellie Havens Martin provides a specific beneficiary which is incapable of taking the funds from her estate and alleged that there is no institution in Whiteside county of the type, or answering the purpose, which provides the type of care contemplated by the testator. The prayer of this cross-complaint is that the court decree the property involved herein to be personal property and distribute the same to the heirs of Nellie Havens Martin. Certain heirs of Nellie Havens Martin filed a cross-complaint substantially to the same effect as the one filed by the administrator de bonis non of the estate of John W. Martin, deceased, but further alleged that the provisions of the will of Nellie Havens Martin did not show any general charitable intent, but provided for a specific beneficiary who is incapable of taking. Replies to the several counterclaims were filed by the attorney general and by Community General Hospital, The Martin Home for Old Folks, and the City of Sterling.

On November 20, 1953, the court entered an order which found that the will of Nellie Havens Martin provided that in the event there had not been established within twenty-five years after the death of John W. Martin either under the provisions of the will of John

155

W. Martin or under the provisions of the will of David L. Martin, an institution, the principal object of which should be to provide a home for old folks, that then, in that case, the testatrix nominated and appointed David L. Martin, Carl E. Sheldon, Frank J. Bowman, William H. Stanley, Ezra Mathew, Judson T. Williams, Charles D. Gleason, John M. Dillon, Paul W. Dillon and Olive Craddock, or the survivors of them, trustees to incorporate under the laws of the State of Illinois a charitable institution to be known as The Martin Home for Old Folks, and when incorporated, said named persons should secure and provide a suitable building for the purpose of such a home; that it was her will that the trustees admit to said home and care for free of charge any person who should have attained the age of fifty-five years and who should have been continuously for ten years or more a resident of Whiteside county, Illinois, and who by reason of misfortune or illness was unable to provide for and support himself. The order then recited that the court was neither convinced nor satisfied that $180,000.00 was wholly inadequate to provide a home such as the court believes Nellie Havens Martin contemplated and that in order to secure a thorough and fair investigation of the possibilities of providing such a home, Edward L. Eagle, Jr., an attorney at law of Rock Island, Illinois, was appointed as a friend of the court to investigate the law, the probable facts in connection with the cost and maintenance of a home for old folks, and to produce for the record such witnesses and testimony as will, in his opinion, aid and assist the court in the determination of the issues involved in this proceeding.

Thereafter a hearing was had and on February 9, 1954, a decree was entered. This decree found that it was the intention of Nellie Havens Martin, as expressed in her will, to devote her estate to a charitable purpose and that the funds available are amply sufficient and

should be used in accordance with the intention of Nellie Havens Martin to accomplish her charitable purpose; that the evidence demonstrates that the funds available are sufficient to rent or purchase a residence which could be used as an old folks home, or to purchase a farm which could be used as an old folks home and that the funds available and the income therefrom are sufficient to establish and maintain a home for a reasonable number of old folks for an indefinite period of time. The decree granted one of the prayers of the amended complaint and directed the trustees of The Martin Home for Old Folks, to establish and maintain an old folks home as provided by the will of Nellie Havens Martin with the net funds available; that the trustees proceed to do so without delay, subject to the control and supervision of this court, and that the trustees report their doings in this regard to the court within a reasonable time.

The board of directors of Community General Hospital of Sterling and the City of Sterling each filed a separate notice of appeal. Each prayed that the decree of the circuit court be reversed and set aside and that this court authorize and direct The Martin Home for Old Folks to accept the terms of the proposed written agreement between the Community General Hospital of Sterling and The Martin Home for Old Folks or, in the alternative, to direct the trustees of The Martin Home for Old Folks to apply the funds in their hands cy pres and enter into a similar type of agreement with the Community General Hospital of the City of Sterling.

Separate notices of appeal were filed by Mason Bull, administrator de bonis non of the estate of John W. Martin, deceased, and by L. W. Nelson, administrator of the estate of Sarah E. Johnson, deceased, and by certain heirs at law of Nellie Havens Martin, John W. Martin, and David L. Martin. In these notices of ap-

157

peal, these appellants prayed that the decree of the trial court be reversed and the property in the hands of the trustees of The Martin Home for Old Folks be distributed as intestate property. No appearances have been entered by any of these parties in this court or any briefs filed in their behalf. Paragraph 4 of rule 9 of this court provides that where a separate appeal has been taken, abstracts and briefs shall be filed as ordered by the court on motion of any party. Paragraph 2 of the same rule provides that the abstract and brief of appellant shall be filed with the clerk on or before thirty days after the filing of the record on appeal, and, in case either the abstract or brief is not filed within the time prescribed, the decree will, on the call of the docket, be affirmed. The same rule provides that appellee shall file his brief on or before twenty days after the due date of appellant's brief. The only motion made in connection with this phase of the case is a motion by the attorney general to dismiss these several appeals, which motion was taken with the case. Inasmuch as the decree of the trial court is affirmed, this motion to dismiss will be denied.

■ ■ Amicus curiae has filed a motion to dismiss the appeal of the City of Sterling and the appeal of the board of directors of Community General Hospital on the ground that neither appellant has an appealable interest in the subject matter of this litigation. In his brief, the attorney general states that the City of Sterling and the board of directors of Community General Hospital of the City of Sterling petitioned to intervene in this case and that their interest is no different than that of the public generally and that the public interest is represented exclusively by the attorney general. The record shows, however, that the City of Sterling and the board of directors of Community General Hospital of the City of Sterling did not intervene but were made defendants to the original complaint. The record fur-

ther shows that each entered its appearance and each filed an answer to the amended complaint in which they asked the court to direct the plaintiff to execute the written agreement, a copy of which was made a part of the amended complaint. The Practice Act (Ill. Rev. Stats., ch. 110, par. 205, sec. 81 [Jones Ill. Stats. Ann. 104.081]) provides that in all cases where a judgment, order, or decree, reviewable by this court, shall be rendered in any court of record, in any case or proceeding whatever, against two or more persons, either one of said persons shall be permitted to take an appeal. It cannot be said that the interest of the Community General Hospital of the City of Sterling is no different than that of the public generally. The plaintiff and this defendant have agreed upon the terms of a contract whereby the plaintiff will pay to the defendant a substantial sum of money, in fact all the money involved in this litigation, and the governing bodies of both corporations requested the chancellor to permit that to be done. The chancellor declined and directed the plaintiff what to do and the plaintiff prosecutes no appeal from that decree. The defendant does appeal and seeks a reversal of the decree rendered by the trial court and this the defendant had a right to do. The briefs of these appellants were filed herein on July 14, 1954, and the brief of amicus curiae was filed on August 2, 1954, and the separate brief of the attorney general and the separate brief of The Martin Home for Old Folks were both filed on August 3, 1954. The motion to dismiss the appeal of the City of Sterling and the board of directors of Community General Hospital of the City of Sterling is denied, as is also the motion of the attorney general to strike the brief of appellee, The Martin Home for Old Folks. While it is true, as pointed out by the attorney general, the trial court granted the relief plaintiff prayed for, it is also true that plaintiff had a right to ask for alternate relief (Ill. Rev. Stats. ch. 110, sec. 158

159

[Jones Ill. Stats. Ann. 104.034]) and it preferred that the court grant its alternative prayer, but inasmuch as the trial court did not do so, it should not be precluded from presenting to this court its position in that respect.

As stated by counsel for appellant, there is no controversy here as to the applicability of the law with reference to the cy pres doctrine. The only question is whether the $181,862.61, which has come into the hands of the trustees of The Martin Home for Old Folks, should be used by them to create a home for old folks pursuant to the provisions of the will of Nellie Havens Martin or whether such sum should be turned over to an existing hospital and one-half expended by its board of directors in the erection of an addition to that hospital, which addition is to cost at least $1,112,728.00 and the remaining one-half invested by said board of directors of said hospital and the income derived therefrom used to assist persons who shall have attained the age of fifty-five years and who shall have been continuously for ten years residents of Whiteside county and who, by reason of misfortune or other causes, are unable to provide hospitalization or medical care for themselves, the board of directors of said hospital being obligated to administer the income so derived from said one-half of the total amount it receives from The Martin Home for Old Folks in accordance with its best judgment so as to provide the maximum of assistance each year to such person or persons as the board may determine.

Counsel for the Community General Hospital insists that if the provisions of the will of Nellie Havens Martin are carried out as decreed by the chancellor and a home for old folks created, such home will be of short duration and the trust a self-consuming one. In support of this contention, counsel calls our attention to the fact that there is in this record evidence that in the

160

■■■■■■■■■■ ■■■■■

erection of a building where fifty old folks might live you could expend from one-half million dollars to several million dollars and that the cost of operating a fifty-bed nursing home on the north shore of Chicago is $60,000.00 annually in addition to the payments made by those able to pay. There is also evidence that the average operating expense per bed in such homes is between $100.00 and $200.00 per month.

■ There is, however, evidence in this record that a large residence, suitable for use as an old folks home, could be rented for $100.00 per month or could be purchased for less than $20,000.00 and that the cost of remodeling would not exceed $10,000.00, and there is evidence that a home furnishing room and board could be profitably operated if the owner was paid between $55.00 and $100.00 per month per person. The record shows that the chancellor was not impressed by the evidence as to the cost of construction and maintenance of some of the institutions, which some of the witnesses, produced by appellant, described. He found that it was the intention of Nellie Havens Martin, by her will, to devote her estate to a charitable institution; that $181,862.61 was amply sufficient to rent or purchase a residence or a small farm which could be used as an old folks home and that after renting or purchasing such a home there would be sufficient income to maintain such a home for a limited number of old folks for an indefinite period of time. There is evidence in the record to sustain this finding. No one contends that this is not what the testator had in mind or what she expressly stated she wanted her money devoted to. The members of the board of trustees of The Martin Home for Old Folks might be reluctant to go ahead and expend the money in their hands for this purpose and the position they have assumed in this litigation may be dictated by their better judgment and advanced in the utmost good faith, but after all, the fund of which they

161

are trustees, came to them as the result of the provisions of the will of Nellie Havens Martin and it is her will and desire which they are responsible for carrying into effect.

As suggested by counsel, there is a marked difference between a dwelling house where a person, after he has reached the age of fifty-five years or upwards and is unable to support himself, may eat, sleep, and spend a portion or all of the remaining years of his life, and a modern hospital. Nellie Havens Martin did not will her estate to a board of directors of a hospital to be expended by such board in the construction of an addition to any existing hospital. She stated in unmistakable language that she desired her money to be used in the establishment of a home for old people. Her expressed wish must be given effect if possible. The evidence in this record sustains the finding of the chancellor that the establishment of such a home is not only possible but feasible. The decree appealed from is the only one which could have been rendered and the provisions of the will of Nellie Havens Martin given effect.

It cannot be held that an appropriate memorial plaque in the new addition of Community General Hospital of the City of Sterling, dedicating a portion thereof to the memory of Nellie Havens Martin, would satisfy the provisions of her will or be in accordance with her expressed wishes. The decree appealed from is affirmed.

Decree affirmed.

WOLFE, P. J., concurs.

CROW, J., took no part in the consideration of this case.